**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | |
|---|---|
| **LORIE RICHARDS,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CASE NO.**   1:24-cv-37-GNS |
| | ) |
| **WALMART, INC.,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.      Plaintiff, Lorie Richards ("Richards"), by counsel, brings this action against Defendant, Walmart, Inc., ("Defendant"), for violating the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 et. seq.and the Kentucky Civil Rights Act ("KCRA").

**II. PARTIES**

2.      Richards, at all times relevant to this action, performed her job duties and responsibilities within the geographical boundaries of the Western District of Kentucky.

3.      Defendant routinely conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C.§12117.

5.      Jurisdiction is conferred on Richards' state law claims pursuant to 28 U.S.C.§1367 because her state law claims arise from the same common nucleus of operative facts as her federal law

1

claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6.      Defendant is an "employer," as that term is defined by 42 U.S.C. §12111(5), and KRS 344.030(2).

7.      Richards is an "employee," as that term is defined 42 U.S.C.§12111(4), and KRS 344.030(5).

8.      Richards is an individual with a "disability," as that term is defined under 42 U.S.C.§ 12102. Defendant was aware of Richards' disability and/or regarded her as a disabled individual.

9.      Richards satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge No. 473-2023-00785) with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant alleging disability discrimination and retaliation for engaging in a protected activity. Richards received the required Notice of her Right to Sue on December 1, 2023, and timely files this action.

10.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11.      On or around June 9, 2020, Richards began working for Defendant as a CAP I/Stoking I.

12.       At all relevant times, Richards met or exceeded Defendant's legitimate performance expectations.

13.      On or around August 26, 2014, Richards was diagnosed with early dementia symptoms, resulting in significant memory issues. As a result of the diagnosis, Richards is a qualified individual with a disability, as that term is defined by the ADA. Defendant knew or regarded Richards as a disabled individual.

14.      On or around February 17, 2022, Richards complained to Adam Pelley ("Pelley"), Store Manager and non-disabled individual for the Defendant, that Debbie Peterson ("Peterson"), Team Leader

2

for the Defendant, was harassing Richards due to her disability.  Defendant failed/refused to take any remedial action and Peterson's harassment continued.

15.     On or around March 4, 2022, Richards provided a written complaint to Pelley stating that she felt that she was being harassed and subjected to different treatment due to her disability.  The Defendant failed to take any remedial action, and Peterson's harassment continued.

16.     On March 21, 2022, Richards made a written complaint through Defendant's Ethics hotline and made another complaint that she was being harassed and subjected to different treatment due to her disability.  The Defendant failed to take any remedial action, and Peterson's harassment continued.

17.     On March 28, 2022, Richards provided another written complaint to Pelley, stating that she felt that she was being harassed and subjected to different treatment due to her disability.  The defendant again failed to take any remedial action, and Peterson's harassment continued.

18.     In or around April 2022, Karen Hayes ("Hayes"), Coach for Defendant, reached out to Richards and informed her that she would contact Pelley in response to the complaints made by Richards. Pelley emailed Hayes, indicating that he would set up a meeting with Richards to discuss her complaint. No meeting was ever set, Pelley failed to make further contact, and no remedial action was taken against Peterson.

19.     On or around April 11, 2022, Richards received an email from Jennifer Tuttle ("Tuttle"), Market Coordinator for Defendant, regarding Richards' complaints of discrimination and to schedule a call to discuss.

20.     On or around April 18, 2022, Richards and Tuttle discussed Richards' complaints. Throughout the call, Tuttle minimized Richards' complaints and later stated that because Richards did not fill out a proper form, there was nothing that Tuttle could do to remedy the situation. Richards never found the proper form to report the harassment and disparate treatment due to her disability.

21.      On or around May 2, 2022, Tuttle contacted Richards to schedule another conference call to discuss Richards' recent email stating how unhappy she was with the first conference call.

3

22.     On or around May 4, 2022, Tuttle and Richards met for a second time. Tuttle stated she had conducted an investigation and found no wrongdoing by the Defendant or Peterson.

23.     Following the meeting, Richards emailed Sandy Garcia ("Garcia"), Open Door Case Manager for the Defendant, to recap her meeting with Tuttle. Richards asked for action to be taken as Peterson's harassment continued, and no remedial action had been taken. The defendant failed/refused to take any remedial action, and Peterson's harassment continued.

24.     On or around May 11, 2022, Richards emailed Anthony Sluder ("Sluder"), Coach for Defendant, to inform him that Peterson continued to harass her and she was being placed with a confrontational employee. The defendant failed/refused to take any remedial action, and Peterson's harassment continued.

25.     On or around June 2, 2022, Richards, Tuttle, and Garcia met for a third time to discuss current events at work. In this meeting, Richards wasn't provided an explanation for why the Defendant consistently failed to take any remedial action. Instead, Garcia offered Richards the opportunity to move to a different position for less pay. If Richards accepted the position, she would lose all shift differential opportunities. Peterson did not receive any remedial actions, and instead, Richards was punished and subjected to different terms and conditions of employment due to her disability and for engaging in numerous protected activities.

26.     Richards accepted the position to escape the harassment; however, on or around December 28, 2023, Richards was informed by Hayes that Peterson was moving to work her shift. The defendant has failed/refused to insulate Richards from Peterson's harassment and instead allowed the harassment to continue. despite Richards' multiple attempts to put the employer on notice and attempts to find a remedy.

27.     On or around January 31, 2023, Peterson began harassing Richards again. During this time period, their team was without a Supervisor; Peterson assumed this role and assigned Richards to an area she had previously requested not to work and with an individual she previously requested not to work with. Richards contacted Anthony Sluder ("Sluder"), Coach for Defendant, to discuss Peterson's

4

ongoing harassment. The defendant failed/refused to take any remedial action.

## V. CAUSES OF ACTION

### COUNT I: ADA & KCRA– DISABILITY DISCRIMINATION

28. Richards hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint as if the same were set forth at length herein.

29. Richards is an individual with a disability as defined by the ADA, 42 U.S.C. §12101 et seq.

30. Defendant subjected Richards to disparate treatment because of her disability.

31. Defendant's actions were intentional, willful, and taken in reckless disregard of Richards' rights as protected by the ADA and KCRA.

32. Richards has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: ADA & KCRA – DISABILITY RETALIATION

33. Richards hereby incorporates paragraphs one (1) through thirty-two (32) of her Complaint as if the same were set forth at length herein.

34. Richards engaged in protected activity when she filed a complaint of a hostile work environment and disparate treatment based on her disability.

35. Defendant retaliated against Richards by placing her in a role with less pay as a consequence of engaging in a protected activity. Richards has suffered damages as a result of Defendant's unlawful actions.

36. Defendant's actions were intentional, willful, and taken in reckless disregard of Richards' rights as protected by the ADA and KCRA.

37. Richards has suffered damages as a result of Defendant's unlawful actions.

## VI. **REQUESTED RELIEF**

WHEREFORE, Plaintiff Lorie Richards respectfully requests that this court enter judgment in her favor and award him the following relief:

1.      Reinstate Richard's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions and/or payment to Richards of front pay in lieu thereof;

2.      Award Richards all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.      Award Richards compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.      Award Richards compensatory damages for the Defendant's violations of ADA, Title VII, and KCRA;

5.      Award Richards punitive damages for Defendant's violations of the ADA;

6.      Award Richards all costs and attorney's fees incurred as a result of bringing this action;

7.      Award Richards pre- and post-judgment interest on all sums recoverable; and

8.      All other legal and/or equitable relief this Court sees fit to grant.

6

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych*
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone Number:     (317) 991.4765
Fax Number:              (812) 424.1005
Email:                        ad@bdlegal.com

*Counsel for Plaintiff, Lorie Richards*

## DEMAND FOR JURY TRIAL

Plaintiff, Lorie Richards, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych*
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone Number:     (317) 991.4765
Fax Number:              (812) 424.1005
Email:                        ad@bdlegal.com

*Counsel for Plaintiff, Lorie Richards*